IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAMATHA L. HENNESSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No: 21-cv-2231-EFM-TJJ |
| UNIVERSITY OF KANSAS ) | |
| HOSPITAL AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This case is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4) and Plaintiff's renewed motion to appoint counsel (ECF No. 19). While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[1] In cases where the plaintiff has been granted *in forma pauperis* status, the court "may request an attorney to represent any person unable to afford counsel."[2] The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under Section 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to

---

[1] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[2] 28 U.S.C. § 1915(e)(1).

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[5]

Recognizing that Congress did not provide any mechanism for compensating appointed counsel in civil cases, the Tenth Circuit Court of Appeals has cautioned courts to make "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[6] The Court's form motion requires the party requesting the appointment of counsel to confer with at least five attorneys regarding legal representation and to list those attorneys in the motion. This Court rarely grants motions for appointment of counsel in civil cases brought by pro se litigants.

Reviewing the Complaint and motion for appointment of counsel under the above-referenced factors, the Court finds that Plaintiff's request for appointment of counsel should be denied at this time. Plaintiff has shown that she has conferred with at least five attorneys. But the factors all weigh against appointment. First, Defendant has raised serious jurisdictional questions with Plaintiff's claims. Second, the factual issues do not appear to be complicated. Third, Plaintiff's Complaint shows an ability to present her claims. And fourth, the legal issues do not present an unusual amount of complexity; this is a case alleging negligent supervision of an employee. The Court finds no reason justifying appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel

---

[4] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[5] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[6] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

(ECF No. 4) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's renewed motion to appoint counsel (ECF No. 19) is denied as moot.

Dated in Kansas City, Kansas, this 23rd day of August, 2021.

/s/ Teresa J. James
Teresa J. James
U.S. Magistrate Judge