IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMATHA HENNESSEY,

    *Plaintiff,*

vs.

UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,

    *Defendant.*

Case No. 21-2231-EFM-TJJ

**MEMORANDUM AND ORDER**

Pro se Plaintiff Tamatha Hennessey brings this lawsuit against Defendant University of Kansas Hospital Authority ("UKHA") asserting a state law claim of negligent supervision. This matter comes before the Court on Hennessey's Motion Requesting the District Court Order UKHA to Defend Their Claim of Being an Arm of the State or Concede That They Are Not an Arm of the State (Doc. 38). UKHA has not responded to Hennessey's motion. For the following reasons, Hennessey's motion is dismissed without prejudice.

UKHA previously filed a Motion to Dismiss on the basis that UKHA was an arm of the state and thus entitled to sovereign immunity. The Court agreed with UKHA and granted the motion. Hennessey appealed the Court's Order, which the Tenth Circuit vacated and remanded.[1] The Tenth Circuit held as a matter of first impression that it was UKHA's burden to establish it

---

[1] *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516 (10th Cir. 2022).

was an arm of the state for purposes of the sovereign immunity defense and found that UKHA had not met its burden.[2] On remand, the Tenth Circuit ordered UKHA either to renew its Motion to Dismiss and submit additional evidence showing it was an arm of the state or to file an answer.[3] UKHA did not renew its Motion to Dismiss and filed an Answer.

Hennessey now asks the Court to order UKHA to prove it is an arm of the State of Kansas or concede that it is not. Hennessey does not cite any evidence in support of her argument but asserts that UKHA's status must be determined in fairness to the State of Kansas and herself. Hennessey claims it would be an affront to the State and confuse Kansas citizens if UKHA is allowed to continue to assert that it is an arm of the state. She also claims that it would be "a gross injustice" to her and "would drastically restrict" her recovery of damages.

Because Hennessey proceeds pro se, the Court liberally construes her motion without acting as her advocate.[4] The Court construes Hennessey's motion as one for summary judgment. The motion, however, is premature. The determination of whether UKHA is an arm of the state—a defense that the Court is not sure Defendants are still asserting—turns on the evidence, and this case is in the early stages of litigation. The Court has not scheduled a Rule 16 scheduling conference and does not intend to do so until it holds a status conference on February 24, 2023. The parties have not exchanged Rule 26 disclosures or conducted any discovery regarding this issue. Furthermore, Hennessey's motion does not comply with Federal Rule of Civil Procedure

---

[2] *Id*. at 531, 532-33.

[3] *Id*. at 543.

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

56 or District of Kansas Local Rule 56.1.  Therefore, Hennessey's Motion is premature and denied without prejudice.

**IT IS THEREFORE ORDERED** that Hennessey's Motion Requesting the District Court Order UKHA to Defend Their Claim of Being an Arm of the State or Concede That They Are Not an Arm of the State (Doc. 38) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE