UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMATHA HENNESSEY,

              Plaintiff,

  v.                                          Case No. 21-CV-2231-EFM-TJJ

UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY,

              Defendant.

## MEMORANDUM AND ORDER

In this diversity action, *pro se* Plaintiff Tamatha Hennessey asserts a state law claim of negligent supervision against Defendant University of Kansas Hospital Authority. This matter is before the Court on Plaintiff's Motion to Compel Defendant to Provide a Clear Statement of Corporate Identity (ECF Nos. 61 and 63). Defendant has filed its response in opposition (ECF No. 65) and Plaintiff has filed her reply (ECF No. 67). As explained below, Plaintiff's motion to compel is denied.

**I.    Factual and Procedural History**

This case is on remand from the Tenth Circuit Court of Appeals following Plaintiff's appeal of the Court's order granting Defendant's motion to dismiss. The Tenth Circuit vacated the order and remanded the case for further proceedings.[1] It held as a matter of first impression that it was Defendant's burden to establish it was an arm of the state for purposes of the

---

[1] *Hennessey v. Univ. of Kansas Hosp. Auth.*, 53 F.4th 516 (10th Cir. 2022).

sovereign immunity defense and Defendant had not met its burden.[2]  Defendant was ordered to either renew its motion to dismiss and submit additional evidence showing it was an arm of the state or file an answer.

Defendant filed its Answer (ECF No. 37) on December 22, 2022. In early January 2023, Plaintiff filed a motion (ECF No. 38) requesting the Court order Defendant to "defend [its] claim of being an arm of the state or concede that [it is] not an arm of the state." Finding the case was still in the early stages of the post-remand proceedings, the District Judge construed the motion as one for summary judgment, found it to be premature, and denied it without prejudice (ECF No. 41). The Court noted the determination of whether Defendant is an arm of the state—a defense the Court was not sure Defendant was still asserting—"turns on the evidence."

The Court held a scheduling conference on February 24, 2023 and entered the Scheduling Order (ECF No. 45) on March 1, 2023. Since then, the parties have served written discovery. Pertinent to this motion, Plaintiff served First Interrogatory No. 2:

> If Defendant is a corporation and is owned through shares of stock issued on behalf of stock holders, please state:
>
> a.   The date and place of incorporation;
> b.   The address of its principal place of business;
> c.   The purposes for which the corporation was formed;
> d.   Whether Defendant Corporation is private or public;
> e.   Whether Defendant Corporation is in good standing;
> f.   Whether or not UKHA is an arm of the state of Kansas.[3]

---

[2] *Id.* at 529–33.

[3] Def.'s Resp. (ECF No. 65) at 2.

Defendant answered the interrogatory as follows: "Defendant is not a corporation. It is an authority and independent instrumentality of the state of Kansas that was created by the University of Kansas Hospital Authority Act, K.S.A. 76-3301 *et seq.*"[4]

## II.     Plaintiff's Requested Relief and the Parties' Arguments[5]

Plaintiff requests the Court compel Defendant to provide a clear statement of its corporate identity with evidence. Plaintiff alleges Defendant has purposely recategorized itself multiple times throughout the case, calling itself an arm of the state, instrumentality of the state, government entity, and state authority.

Defendant argues in its response that the motion should be denied because Plaintiff cannot compel it to change an interrogatory answer simply because she disagrees with the answer. Defendant further argues that Plaintiff conflates its defenses under the Kansas Tort Claims Act with the arm-of-the-state analysis related to sovereign immunity, and Plaintiff is not entitled to declaratory relief as to what affirmative defenses Defendant is entitled to assert. Plaintiff states in her reply brief that her motion has nothing to do with requiring Defendant to change or revise its interrogatory response.[6] She filed her motion because Defendant "routinely changed" its identity and defenses claiming it is "a Kansas Governmental entity, a state authority, an independent instrumentality of the state and now stating [it is] not a corporation."

---

[4] *Id.*

[5] Because Plaintiff proceeds *pro se*, the Court liberally construes her motion without acting as her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] Pl.'s Reply (ECF No. 67) at 2.

Plaintiff states she is seeking "only clarification of one of Defendant's recent defenses, that they are not a corporation."[7]

**III.     Discussion**

Plaintiff cites no legal authority for the relief she seeks—an order compelling Defendant to provide a clear statement, with evidence, as to its corporate identity or status. Plaintiff expressly states she is not requesting Defendant change or revise its interrogatory answer. In any event, as Defendant points out, Plaintiff cannot compel Defendant to change its interrogatory answer. Under Federal Rules of Civil Procedure 37(a)(3)(B)(iii) and 37(a)(4), Plaintiff can request an order compelling an answer to an interrogatory but only if Defendant fails to answer or provides an evasive or incomplete answer. Defendant has answered Plaintiff's Interrogatory No. 2, and Plaintiff does not argue the answer is evasive or incomplete. Instead, she argues the answer is inconsistent with Defendant's prior statements regarding its identity, which is not a basis for compelling Defendant to answer the interrogatory under Fed. R. Civ. P. 37(a).

It is not clear whether Plaintiff is requesting Defendant's statement for purposes of establishing Defendant's citizenship for diversity subject-matter jurisdiction, or as evidence relevant to any arm-of-the-state analysis related to sovereign immunity. In her reply, Plaintiff quotes language from the Tenth Circuit's remand order taking as true *her* allegations that Defendant is a "Kansas corporation and/or entity operating a hospital in Kansas City, Wyandotte County, Kansas."[8] From Plaintiff's allegations, the Tenth Circuit concluded Defendant is

---

[7] *Id.* at 2.

[8] *Hennessey*, 53 F.4th at 525.

4

incorporated in and has a principal place of business in Kansas, a state diverse from Plaintiff's residence in Missouri.[9]

If Plaintiff seeks to compel Defendant to produce a clear statement of its corporate identity as discovery regarding any arm-of-the-state analysis related to sovereign immunity, the Court finds Plaintiff has not shown how the requested statement and information is relevant to that analysis. As discussed by the Tenth Circuit's remand order,[10] the Court evaluates whether Defendant is an arm of the state under the four primary *Steadfast* factors, which are: (1) the state law characterization of the entity, (2) the entity's autonomy from the state, (3) the entity's finances and financial independence from the state, and (4) whether the entity addresses matters of local or state-wide concern.[11] Plaintiff has failed to show how her request for self-declared statements made by Defendant concerning its corporate identity or status would be relevant to any arm-of-the-state analysis related to sovereign immunity. Moreover, Plaintiff has not shown she has requested the information that is the subject of her motion in any outstanding discovery requests. Accordingly there is no discovery response to be compelled from Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant to Provide a Clear Statement of Corporate Identity (ECF Nos. 61 and 63) is denied.

**IT IS SO ORDERED.**

Dated July 5, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[9] *Id.* at 542 n.13.

[10] *Id.* at 528.

[11] *Steadfast Ins. Co. v. Agriculture Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007).