UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMATHA HENNESSEY,

    Plaintiff,

    v.

UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY,

    Defendant.

Case No. 21-cv-2231-EFM-TJJ

**ORDER MEMORIALIZING RULINGS FROM
NOVEMBER 15, 2023 DISCOVERY CONFERENCE/HEARING**

On November 15, 2023, U.S. Magistrate Judge Teresa James conducted an in-person discovery conference/hearing on Defendant's Motion for Protective Order (ECF No. 95), which sought a protective order limiting or quashing Topics 2.c, 7.a– 7.l, and 11 of Plaintiff's Notice of Rule 30(b)(6) Deposition (ECF No. 91). Plaintiff Tamatha Hennessey appeared in person and through counsel, Bert S. Braud and Dennis E. Egan. Defendant University of Kansas Hospital Authority appeared through counsel, J. Wesley Smith. This order memorializes the Court's rulings from the discovery conference.

    1.    Defendant's Motion for Protective Order (ECF No. 95) is granted in part and denied in part as follows:

    a.  **Topic 2.c (all other records)** – Protective order <u>granted</u>. The Court finds this proposed topic to be an improper facially overbroad, unlimited and general catch-all deposition topic.

    b.  **Topic 7.a (Defendant's policies, procedures, guidelines on "Never events")** – Protective order <u>granted</u>. The Court finds the topic term "never events" to be

overly broad and to encompass much information that is not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

c. **Topic 7.b (Defendant's policies, procedures, guidelines on chaperoning of patients)** – Protective order <u>denied</u>. This topic is relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

d. **Topic 7.c (Defendant's policies, procedures, guidelines on administration of sedative)** – Protective order <u>granted</u>. This topic is not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

e. **Topic 7.d (Defendant's policies, procedures, guidelines on performance of MRI)** – Protective order <u>denied</u>. This topic is relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

f. **Topic 7.e (Defendant's policies, procedures, guidelines on patient monitoring)** – Protective order <u>granted in part and denied in part</u>. Topic 7.e is overly broad and shall be limited to: Policies, procedures, and guidelines on the timing or frequency of monitoring of patient's vital signs, while being transported from the Emergency Department to an MRI, during the MRI, and while being transported from the MRI to the Emergency Department.

g. **Topic 7.f (Defendant's policies, procedures, guidelines on patient transport)** – Protective order <u>denied</u>. This topic is relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

h. **Topic 7.g (Defendant's policies, procedures, guidelines on investigations of patient complaints)** – Protective order <u>granted</u>. This topic is not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

i. **Topic 7.h** (**Defendant's policies, procedures, guidelines on patient advocate roles**) – Protective order <u>granted</u>. This topic is not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

j. **Topic 7.i** (**Defendant's policies, procedures, guidelines on security department investigations of sexual assault complaints**) – Protective order <u>granted</u>. This topic is not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

k. **Topic 7.j** (**Defendant's policies, procedures, guidelines on video surveillance of premises**) – At the discovery conference, Defendant <u>withdrew</u> its request for a protective order on topic 7.j.

l. **Topic 7.k** (**Defendant's policies, procedures, guidelines on sexual assault of patients**) – Protective order <u>granted</u>. This topic is overly broad and not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

m. **Topic 7.l** (**Defendant's policies, procedures, guidelines on law enforcement involvement in sexual abuse complaints**) – Protective order <u>granted</u>. This topic is not relevant to the claim for negligent supervision and allegations in Plaintiff's Petition.

n. **Topic 11** (**Defendant's documentation of sexual assault incidents**) – Protective order <u>granted in part and denied in part</u>. Topic 11 is overly broad and shall be limited to: Documentation of any incidents of sexual assault on the premises of Defendant by Jonathan McIntire or by any other employee in the MRI department or Emergency Department in the five (5) years preceding February 12, 2019.

2.	Defendant's Motion to Stay/Extend Defendant's Expert Disclosure Deadline (ECF No. 103) is granted. Defendant's November 13, 2023 deadline for serving its expert witness disclosures is hereby held in abeyance until **fourteen (14) days after** the undersigned issues a ruling on Defendant's Motion to Strike Plaintiff's Expert Disclosures (ECF No. 94).

IT IS SO ORDERED.

Dated November 16, 2023, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge