IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMATHA HENNESSEY,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )     Case No. 21-cv-2231-EFM-TJJ
                                  )
UNIVERSITY OF KANSAS              )
HOSPITAL AUTHORITY,               )
                                  )
            Defendant.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Expert Disclosures (ECF No. 94). Defendant asks the Court to enter an order striking Plaintiff's disclosures of Dr. Zachary Bartochowski and Dr. David Markenson, Plaintiff's expert witnesses. Defendant argues Plaintiff's disclosures fail to comply with the substantive requirements of Fed. R. Civ. P. Rule 26(a)(2). Plaintiff argues her expert disclosures are sufficient, and even if insufficient, any prejudice can be cured by allowing supplemental disclosures. As set forth below, the Court denies Defendant's motion in part and grants the motion in part.

**I.      Factual and Procedural Background[1]**

Plaintiff sought treatment at the University of Kansas Hospital Emergency Room after experiencing right shoulder and left jaw pain. A nurse ordered an MRI and CT scan. Jonathan McIntire, a radiology technician, performed the tests. Plaintiff alleges Mr. McIntire sexually assaulted her during her MRI exam. On May 19, 2021, Plaintiff filed her Complaint pro se, asserting a claim for negligent supervision against Defendant.

---

[1] The facts contained in this section are taken from the allegations in Plaintiff's Complaint. (ECF No. 1)

1

Pursuant to the Initial Scheduling Order, the deadline for Plaintiff to disclose her experts was June 1, 2023, and the discovery completion deadline was August 31, 2023.[2] Plaintiff did not disclose any experts on or before June 1, 2023. Instead, nearly three months after the deadline, August 29, 2023, Plaintiff filed a motion to modify the scheduling order.[3] In the same motion, Plaintiff filed an affidavit from counsel Dennis E. Egan which stated that if the Court granted an amendment of the scheduling order, Mr. Egan and co-counsel Bert Braud would enter an appearance for Plaintiff. Specifically, Plaintiff's motion requested an extension of the deadlines for amending pleadings, disclosing experts, independent medical examinations, and supplemental disclosures.

On September 13, 2023, the Court entered an Amended Scheduling Order (ECF No. 86) granting in part and denying in part Plaintiff's Motion to Modify the Scheduling Order. The Court found Plaintiff did not show good cause for extending the deadlines to amend the pleadings or to conduct a Rule 35 examination. The Court did, however, extend by four and a half months the expert deadlines and the discovery deadline. The Court extended Plaintiff's and Defendant's deadlines to disclose experts and the rebuttal expert deadline until October 13, 2023, November 13, 2023, and December 11, 2023, respectively. Further, the discovery deadline was extended until January 16, 2024. However, the Court noted that the Amended Scheduling Order would "not be modified except by leave of Court upon a showing of good cause and, given the age of the case and belated request for extension which the Court ha[d] granted in part . . . the parties should not anticipate any further scheduling order extensions."[4] In addition, the Court explained that it had

---

[2] ECF No. 45.

[3] ECF No. 82.

[4] ECF No. 86 at 2-3.

not extended the expert-related deadlines for the full amount of time requested by Plaintiff so that all expert-related discovery could be completed by the requested new discovery deadline.[5]

On October 13, 2023, Plaintiff timely disclosed two experts: David Markenson, M.D., MBA, and Zachary M. Bartochowski, M.D. Dr. Markenson is Plaintiff's retained expert witness, and Dr. Bartochowski is Plaintiff's non-retained expert witness and treating physician. Plaintiff disclosed a 10-page expert report written by Dr. Markenson, including the list of exhibits upon which he relied and a statement of the facts in the case, his 43-page Curriculum Vitae detailing his qualifications as an expert, his deposition and trial history the last four years, and his fee schedule for this case. Dr. Markenson's report explains the many standards of care for administrative medicine he believes Defendant failed to meet and how he believes those failures caused the sexual assault at issue in this case. Dr. Markenson concludes the report by stating the following: "I reserve the right to amend or modify the assessments, opinion, and conclusions expressed in this report following receipt of additional information."

Dr. Bartochowski's disclosure stated:

> Dr. Bartochowski is identified as a treating physician who has provided medical treatment to Plaintiff since on or about 2020 for post-traumatic stress disorder and other emotional and/or mental conditions. It is anticipated that non-retained expert D. Bartochowski will testify as to Plaintiff's medical conditions as observed by Dr. Bartochowski through the course of his treatment of Plaintiff. It is also anticipated that Dr. Bartochowski will testify to the treatment and medication that he has provided Plaintiff for her condition(s). His specialized knowledge, skill, experience, and training in the field of medicine will assist the trier of fact in understanding the medical evidence presented at trial. Further, he will render medical opinions to assist the trier of fact in determining the issues of fact regarding the nature and extent of Plaintiff's medical conditions, diagnosis of Plaintiff, and the effect of Plaintiff's medical conditions on Plaintiff.
>
> Dr. Bartochowski can testify as to the medical understanding of post-traumatic stress disorder and how he went about analyzing Plaintiff's medical conditions and

---

[5] ECF No. 89 at 2.

>the methods used to do this. Dr. Bartochowski may testify as to the medications and treatments prescribed to Plaintiff due to her medical condition.
>
>Dr. Bartochowski is expected to give testimony about Plaintiff's diagnosis and treatment of emotional distress, particularly as to how it was caused or contributed to be caused by the February 13, 2019 sexual assault on Plaintiff at the University of Kansas Hospital. That assault aggravated Plaintiff's prior emotional and/or mental conditions.
>
>Additionally, Plaintiff designates any provider referenced in Plaintiff's own records, which Plaintiff produced or which Defendant obtained via signed authorization and/or subpoena, to testify about Plaintiff's medical conditions as reflected in those records. [6]

The disclosure did not include any documents, reports, or records. On October 18, 2023, Defense counsel filed a motion to strike Plaintiff's expert disclosures. On November 16, 2023, the Court granted Defendant's Motion to Extend its Expert Disclosure Deadline until 14 days after the Court rules on Defendant's Motion to Strike Plaintiff's Expert Disclosures.

**II.    Analysis**

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. It provides: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[7] These three Rules of Evidence provide the standard for the admissibility of expert opinion testimony,[8] note the proper bases of an expert's opinion testimony,[9]

---

[6] ECF No. 28-1, Exhibit A.

[7] Fed. R. Civ. P. 26(a)(2)(A).

[8] Fed. R. Evid. 702.

[9] Fed. R. Evid. 703.

and generally allow an expert witness to express opinions without first disclosing the facts or data underlying the expert's opinion.[10]

The disclosures required under Rule 26(a)(2) differ depending upon whether the expert witness is "retained or specially employed to provide expert testimony in the case."[11] Under Rule 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by a written report signed by the witness and containing six categories of detailed information.[12]

> The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.[13]

Under Rule 26(a)(2)(C), if the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[14]

---

[10] Fed. R. Evid. 705.

[11] *See* Fed. R. Civ. P. 26(a)(2)(B).

[12] *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) for the requirements of the report.

[13] *Id*.

[14] Fed. R. Civ. P. 26(a)(2)(C).

### A. Plaintiff's Disclosure of Dr. Markenson is Sufficient

Defendant argues Plaintiff's expert disclosure of Dr. Markenson does not meet the disclosure requirements under Rule 26(a)(2) and the Court should strike the disclosure. Specifically, Defendant argues the Court should strike the disclosure of Dr. Markenson because the report is impermissibly vague, which does not meet the requirements of Rule 26(a)(2)(B)(i)[15], and the disclosure is an improper attempt to back-door new claims. Plaintiff argues the disclosure does meet the requirements of Rule 26(a)(2)(B)(i), and her disclosure of Dr. Markenson is specific, objectively understandable, and directly tied to Plaintiff's claim for negligent supervision. Plaintiff further argues that if the disclosure is insufficient, she should be allowed to supplement the disclosure because her error is harmless.

The Court finds Plaintiff has met the procedural requirements of Rule 26(a)(2)(B)(i) as to her disclosure of retained expert witness, Dr. Markenson. Dr. Markenson's report details the standards of administrative medicine to which he opines Defendant failed to comply. For each standard of care, Dr. Markenson sets forth the facts in this case that support his opinion that Defendant failed to comply with the standard of care. This was sufficient to satisfy the Rule 26(a)(2)(B)(i) procedural requirement of providing "a complete statement of all opinions the witness will express and the basis and reasons for them."

While Dr. Markenson's report states, "I reserve the right to amend or modify the assessments, opinion, and conclusions expressed in this report following receipt of additional information," the Court does not find that this statement renders the disclosure improper or insufficient under Rule 26(a)(2)(B)(i). Therefore, the Court will not strike Plaintiff's disclosure of

---

[15] Defendant's argument is based solely upon the Rule 26(a)(2)(B)(i) requirement. Therefore, the requirements of Rule 26(a)(2)(B)(ii)-(vi) are not at issue and the Court will not address them.

Dr. Markenson for failure to comply with Rule 26(a)(2)(B)(i). If Plaintiff subsequently improperly attempts to amend or modify Dr. Markenson's assessments, opinions, and conclusion, the District Judge will ensure his testimony is limited to the opinions and bases stated in his report.

Defendant's remaining arguments go to the merits of Dr. Markenson's report, including whether his report is reliable and relevant to Plaintiff's single claim for negligent supervision and whether Plaintiff is attempting to bring in a new claim through Dr. Markenson's report. The disclosure requirements under Rule 26(a)(2)(B)(i)–(vi) do not require this Court to determine the reliability or relevancy of an expert opinion. Defendant cites to *Lawson v. Spirit Aerosystems, Inc.*, to support its proposition that "a party may move to strike an expert report under the relevance standard as opposed to *Daubert* because expert testimony that is not relevant is also inadmissible."[16] However, later in that same case, the district judge denied the motion to strike, stating, "The Court generally disfavors motions to strike, and . . . [concerns about experts] are better expressed on the merits; either by a *Daubert* motion or . . . at trial."[17] "Rule 702 sets forth the standard for admission of expert testimony, and assigns to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."[18] Defendant will have an opportunity later in this case to seek to exclude Dr. Markenson's expert report either in the form of a *Daubert* motion or at trial. For now, the Court will not strike the expert disclosure, as Plaintiff has met the procedural requirements of Rule 26(a)(2)(B)(i).

---

[16] No. 18-1100-EFM, 2020 WL 1889016, at *16 (D. Kan. April 16, 2021).

[17] *Id.* at *18 (citing *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-EFM-GFB, 2016 WL 2344561, at *1 (D. Kan. May 4, 2016)).

[18] *Frederick v. Swift Transp. Co.*, 591 F. Supp. 2d 1156, 1158 (D. Kan. 2008), aff'd sub nom. *Frederick v. Swift Transp. Co.*, 616 F.3d 1074 (10th Cir. 2010) (internal quotations and citations omitted) (citing *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993)).

B.  *Dr. Bartochowski*

Defendant also argues the Court should strike the disclosure of Dr. Bartochowski, Plaintiff's treating physician, because the disclosure was impermissibly vague under Rule 26(a)(2)(C).  Plaintiff acknowledges the insufficiency of the disclosure but argues there is no trial date in this case, and there is enough discovery time to take the deposition of Dr. Bartochowski and then supplement his non-retained expert disclosure under Rule 26(a)(2)(C).

i. *Plaintiff's Disclosure of Dr. Bartochowski is Insufficient*

"A party is required to disclose experts when the anticipated testimony is expert in nature, not factual."[19]  "A treating physician presents special issues in that he is both 'a percipient witness of the treatment he rendered' but may also offer expert testimony extending beyond information made known to him during treatment."[20]  The comments to Rule 26(a)(2)(C) for the 2010 Amendments further clarify the disclosure requirements for a witness not required to provide a report pursuant to Rule 26(a)(2)(B), including specifically a physician or other health care professional, who may testify as a fact witness and also provide expert testimony.[21]  Dr. Bartochowski, Plaintiff's treating physician, is a "prime example" of the type of individual who provides expert testimony under Rule 26(a)(2)(C).[22]  Plaintiff's expert disclosure indicates Dr.

---

[19] *Kone v. Tate*, No. 20-1080-TC-ADM, 2021 WL 1210009, at *4 (D. Kan. Mar. 31, 2021) (*citing Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170 (10th Cir. 2013)).

[20] *Kone*, 2021 WL 1210009, at *4 (*citing Goodman v. Staples the Off. Superstore, LLC,* 644 F.3d 817, 824 (9th Cir. 2011)).

[21] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment ("Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

[22] *Williams v. Haubstein*, No. 22-3008-SAC-RES, 2022 WL 4547466, at *3 (D. Kan. Sept. 29, 2022).

8

Bartochowski will provide testimony regarding "Plaintiff's diagnosis and treatment of emotional distress, particularly as to how it was caused or contributed to be caused by the February 13, 2019 sexual assault." This indicates he will provide information beyond what was made known to him during the treatment of Plaintiff which must be disclosed under Rule 26(a).

The Court finds and Plaintiff admits that Plaintiff's expert disclosure does not meet the requirements of Rule 26(a)(2)(C). The disclosure required for such witnesses under Rule 26(a)(2)(C) is "considerably less extensive" than the report required under Rule 26(a)(2)(B).[23] Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[24] However, in reviewing Plaintiff's expert witness disclosure, the Court keeps in mind that "Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided."[25] They must summarize actual and specific opinions and should provide "a brief account that states the main points" of the entirety of the anticipated testimony.[26] But this does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail, as imposing this standard would make Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s

---

[23] Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to the 2010 amendment.

[24] *Id.*

[25] *Fergus v. Faith Home Healthcare, Inc.,* No. 2:18-CV-02330-JWL-TJJ, 2019 WL 511642, at *2 (D. Kan. Feb. 8, 2019).

[26] *Chambers v. Fike,* No. 13-1410-RDR, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014) (internal citations omitted).

requirement of a formal expert report.[27] "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert."[28]

The information listed by Plaintiff for Dr. Bartochowski is merely a general description that he will testify regarding her treatment, describe the emotional distress Plaintiff experienced, and opine that the sexual assault caused Plaintiff's emotional distress. Plaintiff fails to include the main points of the entirety of the witnesses' anticipated testimony, and any explanation of their anticipated opinions is noticeably absent. The Court finds Plaintiff's general description therefore does not comply with the requirements of Rule 26(a)(2)(C).

          *ii.*    *Plaintiff's Insufficient Disclosure is Not Substantially Justified or Harmless*

To ensure compliance with Rule 26 disclosure requirements, Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[29] The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad discretion of the district court.[30] The district court is not required to make explicit findings concerning substantial justification or the harmlessness of a failure to disclose.[31] Nevertheless, the

---

[27] *Id.*

[28] *Id.*, *Fergus*, 2019 WL 511642, at *2.

[29] Fed. R. Civ. P. 37(c)(1).

[30] *Neiberger v. Fed Ex Ground Package Syst., Inc.,* 566 F.3d 1184, 1191–92 (10th Cir. 2009) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)).

[31] *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply,* 170 F.3d at 993).

Tenth Circuit has held the following factors should guide the district court's discretion in determining whether to allow a party to use information or a witness to supply evidence at trial: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[32]

In applying Rule 37(c)(1), "the court must first determine whether substantial justification for failing to make the required disclosures exists."[33] If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[34] "The failure to disclose is considered harmless 'when there is no prejudice to the party entitled to the disclosure.'"[35] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure.[36] The burden to show the disclosure here was substantially justified or harmless rests with Plaintiff.

Plaintiff argues the insufficient disclosure is substantially justified, Defendant should not be surprised by evidence concerning Plaintiff's emotional distress, there is plenty of time to cure any prejudice that may occur, there is no potential trial disruption, and there is no evidence of Plaintiff's bad faith or willfulness. Defendant argues it would be prejudiced by the current

---

[32] *Id*.

[33] *Stewart v. United Parcel Serv., Inc.*, No. 20-2461-JAR-GEB, 2023 WL 143229, at *5 (D. Kan. Jan. 10, 2023).

[34] *Id.*

[35] *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004) (*quoting Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001)).

[36] *Id.*

11

disclosure as it does not allow it to adequately prepare for trial and allowing supplementation would prejudice Defendant because Defendant would have to prepare an entirely new defense to the anticipated expert testimony.

The Court finds Plaintiff has not met her burden to show the insufficient disclosure was substantially justified. In her opposition motion, Plaintiff set forth a 5-page timeline of events detailing counsel's efforts to obtain more information regarding Plaintiff's medical records and medical providers. Specifically, Defendant tried on multiple occasions to contact Dr. Bartochowski weeks before the deadline, and on the deadline to file Plaintiff's expert disclosures, Dr. Bartochowski communicated that he refuses to speak with attorneys without a subpoena.

The Court understands the very difficult situation Plaintiff's counsel is in—Dr. Bartochowski is unwilling to talk with them without a subpoena. But that does not justify Plaintiff's actions here. Plaintiff chose to serve an obviously inadequate disclosure rather than request an extension of her expert disclosure deadline and apparently without subpoenaing the doctor, even after it was abundantly clear he would not cooperate absent a subpoena. Plaintiff's belated request for additional time to subpoena the doctor and then serve a supplemental expert disclosure (contained in her response to the motion to strike the disclosure of Dr. Bartochowski)—essentially a motion filed out of time for additional time—would upend the schedule in this case. The Court cautioned the parties when it entered the amended scheduling order that they would have to show good cause for any requested extensions and extensions likely would not be granted. But, rather than timely addressing their Dr. Bartochowski problems and requesting an extension, Plaintiff chose to serve their inadequate disclosure and attempt to shift the burden to Defendant. Plaintiff's insufficient disclosure of Dr. Bartochowski is not substantially justified.

The Court further finds Plaintiff's failure to comply with the Rule 26 disclosure requirements for Dr. Bartochowski's report was not harmless. Plaintiff requests a 30-day timeframe to serve a subpoena on Dr. Bartochowski, agree on mutually available dates for the doctor's deposition, and thereafter file a fully compliant Rule 26(a)(2)(C) disclosure.[37] Plaintiff points out no trial date has been set yet in this case and argues there is enough discovery time to take the deposition of Dr. Bartochowski and supplement his Rule 26(a)(2)(C) disclosure. The Court disagrees. Given the difficulties Plaintiff encountered trying to communicate with Dr. Bartochowski prior to the expert disclosure deadline and the likelihood it will be a challenge to find a time which is agreeable to Dr. Bartochowski and counsel for the parties in the near future, the 30-day timeframe Plaintiff requests strikes the Court as unrealistic. Even after Dr. Bartochowski is subpoenaed and deposed, Plaintiff would need additional time to supplement Dr. Bartochowski's disclosure, and then Defendant's expert disclosure deadline would have to be set after that. Undoubtedly, Plaintiff would want to depose the expert disclosed by Defendant. In reality, Plaintiff's request to supplement Dr. Bartochowski's disclosure would necessitate a lengthy extension of the discovery deadline in this case. The discovery deadline in this case is January 16, 2024, now less than three weeks away. The delays caused by Plaintiff's inadequate disclosure of Dr. Bartochowski would not be harmless.[38]

---

[37] ECF No. 105 at 11-12.

[38] Plaintiff relies on this Court's prior ruling in *Fergus v. Faith Home Healthcare, Inc.*, No. 218CV02330JWLTJJ, 2019 WL 511642, at *3 (D. Kan. Feb. 8, 2019), where this Court denied a motion to strike expert disclosures, finding the insufficient disclosures harmless and allowing Plaintiff to supplement the disclosures. *Id*. However, in *Fergus*, the disclosure was not admittedly inadequate and the Court only allowed 10 days to supplement. *Id*. Further, the extension of time and opportunity to supplement did not disrupt the scheduling order deadlines, as the discovery deadline was three months after the 10-day extension of time to supplement.

In reaching these findings, the Court considered the following factors. First, Defendant would be surprised by the contents of Dr. Bartochowski's supplemental disclosure. Plaintiff seems to acknowledge this point, noting that neither party really knows what Dr. Bartochowski's opinions may be. But Plaintiff argues Defendant is in a better position to know because it has deposed Plaintiff. Plaintiff's argument is unpersuasive. Plaintiff herself has firsthand knowledge of her meetings with Dr. Bartochowski. Nor can Plaintiff shift the burden to Defendant to anticipate the opinions of Plaintiff's expert, retained or otherwise. Second, as discussed above, Plaintiff's proposed 30-day timeframe would not cure the prejudice to Defendant resulting from the requested supplementation of Dr. Bartochowski's disclosure. Third, even though no trial date has yet been set, the relief requested by Plaintiff would necessarily result in a later trial date than would otherwise be the case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Disclosure (ECF No. 94) with regard to Dr. Markenson is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Expert disclosure (ECF No. 94) with regard to Dr. Bartochowski is GRANTED.

Dated this 29th day of December, 2023 at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge