UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TAMATHA HENNESSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,<br><br>　　　　Defendant. | Case No. 21-cv-2231-EFM-TJJ |

## SECOND AMENDED SCHEDULING ORDER

This matter is before the Court on Plaintiff's Motion to Amend the Scheduling Order (ECF No. 126). Plaintiff requests 60-day extensions of the scheduling order deadlines for completion of discovery, rebuttal expert disclosures, filing dispositive motions, and the February 8, 2024 pretrial conference. Plaintiff seeks the requested extensions of the scheduling order deadlines because Defendant served its expert disclosures on Friday, January 12, 2024, disclosing two retained experts and five non-retained experts, only four days before the current January 16, 2024 discovery deadline. Additionally, Plaintiff notes additional time is needed because Defendant only served its responses and objections to Plaintiff's Second Request for Production of Documents on January 15, 2024, and they include production of additional medical records, blueprints of the hospital, and a video interview of Mr. McIntire taken by the University of Kansas Police Department in 2019. Based upon review of the McIntire video, Plaintiff states she may need to request additional documentation regarding the issues discussed in this interview. Plaintiff also states she filed a motion to compel discovery on January 10, 2024, relating to the documents produced in the December 11, 2023 Rule 30(b)(6) deposition of Defendant's corporate representative, including its privilege log. Finally, Plaintiff states she is attempting to schedule Mr. McIntire's deposition,

but Mr. McIntire and his counsel have indicated they are not available until the week of February 19, 2024.

Defendant has filed a response (ECF No. 128) opposing the requested extensions in part. It requests the Court deny the full relief sought in Plaintiff's motion, but consents to Plaintiff taking the deposition of Mr. McIntire after the close of discovery and states it may have no objection to Plaintiff deposing certain expert witnesses Defendant recently disclosed. Defendant points out that the applicable legal standard on Plaintiff's motion is "good cause" and argues Plaintiff's motion fails to entirely discuss or expressly to show good cause for her request. In addition, Defendant reminds the Court of Plaintiff's earlier pledge that if her then-requested 120-day discovery extension to January 15, 2024 was granted, she could complete discovery by then. Also, Defendant points out Plaintiff did not serve her second requests for production until December 15, 2023, and Defendant timely served its responses on the due date.

Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." After reviewing the motion and briefing, the Court finds Plaintiff has shown good cause for extending most of the Scheduling Order deadlines but only for the limited purposes, set out below. Because Defendant's deadline for serving its expert witness disclosures was held in abeyance until fourteen days after the Court ruled on Defendant's Motion to Strike Plaintiff's Expert Disclosures, Defendant was not required to serve its expert witness disclosure until January 12, 2024. Defendant timely served its expert disclosures on that date, which was only four calendar days prior to the current January 16, 2024 discovery deadline. This requires the rebuttal expert deadline be extended and Plaintiff be allowed time to depose Defendant's recently disclosed expert witnesses. Plaintiff is also not able to schedule Mr.

McIntire's deposition due to Mr. McIntire's schedule until the week of February 19, 2024, which likewise warrants an extension of the current discovery deadline.

The Court finds Plaintiff has shown good cause to extend the January 16, 2024 discovery deadline by sixty day, but only for the following limited purposes: On or before March 15, 2024, Plaintiff may depose Mr. McIntire and any of Defendant's retained and non-retained experts that Plaintiff desires to depose. Plaintiff has not shown good cause to extend the discovery deadline for any other purposes. The Court does not find good cause for Plaintiff's requested extension of the discovery deadline for the vague purpose that she may need to request additional documentation regarding the issues discussed in Mr. McIntire's interview that Defendant produced on January 15, 2024. As discussed above, Defendant timely produced the video on that date because Plaintiff did not request it until December 15, 2023, even though fully aware of the January 16, 2024 discovery deadline. Plaintiff will have the opportunity to question Mr. McIntire during his deposition but Plaintiff has failed to show good cause for general follow-up discovery beyond that.

Additionally, again because Defendant's experts were only disclosed on January 12, 2024, the Court will also extend the rebuttal expert disclosures deadline to February 9, 2024. If Plaintiff names any rebuttal experts, Defendant will have until March 15, 2024 to depose them, if it desires to do so. The Court will likewise extend the deadlines for submission of the proposed pretrial order, the pretrial conference, and the dispositive motion deadline accordingly.

The Second Amended Scheduling Order deadlines and settings are summarized in the table that follows:

| TAMATHA HENNESSEY v. UNIVERSITY OF KANSAS HOSPITAL AUTHORITY 21-cv-2231-EFM-TJJ SECOND AMENDED SCHEDULING ORDER SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Rebuttal experts disclosed | **February 9, 2024** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Extended discovery deadline for the limited purposes of Plaintiff deposing Mr. McIntire and Defendant's retained or non-retained experts, and for purposes of Defendant deposing Plaintiff's rebuttal experts[1] | **March 15, 2024** |
| Proposed pretrial order due | **March 22, 2024** |
| Pretrial conference before Magistrate Judge in KCK Courtroom 236 | **April 4, 2024 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **April 29, 2024** |
| Motions challenging admissibility of expert testimony | **60 days before trial** |
| Jury Trial — ETT 3 days in KCK | **Set at Pretrial Conference** |

To the extent this Amended Scheduling Order is inconsistent with the prior Scheduling Orders (ECF Nos. 45 and 86), this Amended Scheduling Order supersedes the earlier ones. To the extent that this Amended Scheduling Order does not address dates, deadlines, or requirements included in the earlier ones, those earlier dates, deadlines, and requirements remain in effect. The parties are advised to review, in particular, the various requirements governing discovery, motions, submission of the pretrial order, and the pretrial conference in the earlier Scheduling Orders. Those requirements—other than the dates that are changed, as identified herein—remain in place.

---

[1] The January 16, 2024 discovery deadline remains in place and has already passed for all other discovery in this case.

5

This Second Amended Scheduling Order will not be modified except by leave of Court upon a showing of good cause and, given the age of the case, the parties should not anticipate any further scheduling order extensions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Scheduling Order (ECF No. 126) is granted in part and denied in part, as set forth herein.

IT IS SO ORDERED.

Dated January 22, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge