IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMATHA HENNESSEY,

    *Plaintiff,*

vs.

UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,

    *Defendant.*

Case No. 21-2231-EFM

**MEMORANDUM AND ORDER**

Plaintiff Tamatha Hennessey brings this lawsuit against Defendant University of Kansas Hospital Authority asserting a state law claim of negligent supervision. This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 117). For the reasons stated below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

Plaintiff, originally proceeding pro se, brought this lawsuit in 2021. Defendant filed a motion to dismiss on the basis that Defendant was an arm of the state and thus entitled to sovereign immunity. The Court agreed with Defendant and granted the motion. Plaintiff appealed the Court's Order,[1] which the Tenth Circuit vacated and remanded.[2]

---

[1] Plaintiff was represented on appeal.

[2] *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 543 (10th Cir. 2022).

The Tenth Circuit held as a matter of first impression that it was Defendant's burden to establish that it was an arm of the state for purposes of the sovereign immunity defense and found that Defendant had not met its burden.[3]  On remand, the Tenth Circuit ordered Defendant either to renew its motion to dismiss and submit additional evidence showing that it was an arm of the state or to file an answer.[4]  The Tenth Circuit, however, also explicitly stated:

> If [Defendant] renews its Rule 12(b) motion, the motion shall be limited to the subject matter jurisdiction and sovereign immunity grounds raised in the earlier Rule 12(b) motion.  Our vacatur and remand does not provide [Defendant] the opportunity to restart 12(b) proceedings and advance new Rule 12(b) theories for dismissal.[5]

Upon remand, Defendant did not renew its motion to dismiss and instead filed an Answer on December 22, 2022.  There were several issues between the parties over the next year, and Plaintiff proceeded pro se until September 14, 2023.  On that date, two attorneys entered their appearance on behalf of Plaintiff.[6]

On December 22, 2023—exactly one year after Defendant filed its Answer—Defendant filed this Motion for Judgment on the Pleadings.  In this motion, Defendant contends that Plaintiff cannot state a claim for negligent supervision.  Plaintiff, now represented by counsel, responds and points out that when Plaintiff filed her Complaint, she was proceeding pro se.  Plaintiff states that "while not as artful as a Complaint drafted by trained legal counsel," the Complaint still sets forth sufficient factual allegations.

---

[3] *Id*. at 531, 532-33.

[4] *Id*. at 543.

[5] *Id.* n.14.

[6] The day before, on September 13, 2023, the Court entered an Amended Scheduling Order setting forth deadlines and a dispositive motion deadline of March 1, 2024.  The Court subsequently entered a Second Amended Scheduling Order on January 22, 2024, and it entered a Pretrial Order on February 23, 2024.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed," but "early enough not to delay trial."[7] The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[8] To survive a motion for judgment on the pleadings, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[9] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[10] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[11]

## III.     Analysis

The Court denies Defendant's motion. The Tenth Circuit explicitly stated that Defendant did not get another opportunity to restart Rule 12(b) proceedings. The Court recognizes that Defendant filed a Rule 12(c) motion, but this motion is governed under the same standards as a 12(b) motion, and Defendant simply states that Plaintiff fails to state a claim. Defendant is trying to circumvent the Tenth Circuit's ruling. In addition, Defendant filed this Rule 12(c) motion *one year after it filed its answer*, and four months before the dispositive motion deadline. Indeed, a

---

[7] Fed. R. Civ. P. 12(c).

[8] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

[11] *Id.* (quotations marks and citation omitted).

motion for summary judgment is now pending in this case. Thus, the Court denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 117) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE